UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-04315-KK-DSRx** | Date: | May 19, 2026 |
|---|---|---|---|
| Title: | ***Epifanio Tapias v. Ced Metro et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) SECOND ORDER TO SHOW CAUSE Regarding Article III Standing**

Plaintiff Epifanio Tapias ("Plaintiff") commenced this action against defendants Ced Metro and 4309 District Blvd, LLC ("Defendants"), asserting violations of the Americans with Disabilities Act ("ADA") and state laws due to accessibility barriers. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). The state claims have now been dismissed; hence, the only remaining relief sought is injunctive relief under the ADA. See Dkts. 15, 17.

On April 24, 2026, the Court issued an Order to Show Cause Regarding Article III Standing. Dkt. 9. Plaintiff was advised it appeared he had "not plausibly alleged the 'real and immediate threat of repeated injury' necessary to sue for injunctive relief." Id. at 1 (citation omitted). The Court therefore ordered Plaintiff to show cause at an in-person hearing why the Court should not dismiss the ADA claim due to lack of standing. Id. at 2.

On May 7, 2026, the Court held a hearing, and counsel Jason Theodore Soller ("Counsel") appeared on behalf of Plaintiff. Dkt. 16. Counsel failed to provide facts from which the Court could find Plaintiff had Article III standing to litigate this case. Id. Additionally, Counsel was unprepared for the Court's questions, and the Court had to caution Counsel about making materially false statements to the Court. The Court nonetheless allowed Plaintiff an opportunity to amend the Complaint to establish Article III standing. Id.

Plaintiff has now filed a First Amended Complaint ("FAC"). Dkt. 18, FAC. The FAC adds a single sentence regarding defendant CED Metro's business ("Business") located at 4309 District Boulevard in Vernon, California. Id. ¶ 2. Specifically, Plaintiff alleges the Business "sells wires, cables, cords, lighting, fasteners (i.e. tapes, washers, nuts, and blots), safety equipment (i.e. gloves

and safety glasses) and tape measures." Id. ¶ 10.  The FAC also adds the following three sentences regarding Plaintiff that purport to establish standing:

> Plaintiff resides approximately three and a half miles from the Business and is frequently in the same area as the Business due to his very close proximity to the Business. Plaintiff typically engages in small projects and frequently purchases tools for such projects. Plaintiff's most recent project is repairing Plaintiff's sister's bicycle and eventually converting the bicycle to an electric bicycle.

Id. ¶ 13.

Despite these additional allegations, Plaintiff still fails to establish Article III standing.  As the Court previously advised, Plaintiff must allege facts that "establish a substantial risk of future injury that is traceable to the [defendant] and likely to be redressed by an injunction against them." Murthy v. Missouri, 603 U.S. 43, 69 (2024).  There must be "a real and immediate threat of repeated injury."  Id. at 58 (citation modified).  An ADA plaintiff meets this standard "by either (1) showing that they are currently deterred from returning to the place of public accommodation because of a barrier, or (2) showing that they were previously deterred and intend to return to the non-compliant place of public accommodation."  Langer v. Kiser, 57 F.4th 1085, 1093 (9th Cir. 2023) (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011) (en banc)), cert. denied, 144 S. Ct. 823 (2024), reh'g denied, 144 S. Ct. 1132 (2024).

With respect to Plaintiff's allegations regarding proximity, as the Court advised Counsel at the May 7, 2026 hearing, mere proximity to a business does not establish standing.  See Brooke v. CSP Hosp. LLC, No. EDCV 20-2202-JGB-SHKx, 2021 WL 401990, at *4 (C.D. Cal. Feb. 2, 2021) (noting proximity, among other factors, is "not definitive, and 'the key inquiry remains whether Plaintiff had a likelihood of returning to the premises'" (citation modified)).  Moreover, while Plaintiff also claims he engages in "small projects and frequently purchases tools for such projects," none of the items Plaintiff claims are sold by the Business constitute "tools."  FAC ¶ 10.  Finally, while Plaintiff claims his most recent project is repairing his sister's bicycle, he fails to identify any items he would purchase at the Business, and the items sold by the Business do not appear necessary for such a project.

Accordingly, the Court again finds Plaintiff has not plausibly alleged the "real and immediate threat of repeated injury" necessary to sue for injunctive relief.  Murthy, 603 U.S. at 58 (citation modified); cf. Langer, 57 F.4th at 1098 (considering a plaintiff's return visits to a business as "convincing evidence" of his intent to return); Jones v. Diab, No. 23-55096, 2024 WL 566502, at *1 (9th Cir. Feb. 13, 2024) (finding standing where the plaintiff visited the business "on at least four occasions" and alleged he "wanted to purchase snacks and beverages there . . . during football and basketball season" and "travels to the area three or four times per month to visit a close friend of his who lives nearby").

Plaintiff is, therefore, **ORDERED TO SHOW CAUSE at an in-person hearing** why the Court should not dismiss their ADA claim without prejudice for lack of standing.  See Murthy, 603 U.S. at 76 (disposing of case for lack of standing).  **Plaintiff shall appear before the Court for a hearing on May 28, 2026, at 9:00 a.m. in Courtroom 3 on the 3rd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse, located at 3470 Twelfth Street, Riverside, California 92501**.  At the hearing, Plaintiff shall identify the specific facts establishing

Article III standing.  Alternatively, Plaintiff may file a notice of voluntary dismissal prior to May 28, 2026.

**Plaintiff is expressly warned that failure to comply with this Order will result in this action being dismissed for failure to prosecute and comply with Court orders.**  <u>See</u> Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.